Smith, J.
The facts in this case, as they appear from • the record, are substantially these:
On the 17th day of February, 1891, D. Armstrong, as receiver of the Fidelity National Bank, and others filed in the office of the clerk of the court of common pleas of this county under the provisions of sec. 5673 Rev. Stat., a petition against. The Herancourt Brewing Co., setting out that they, (the petitioners), were the owners of more than one-fifth in amount of the paid up stock of the defendant company, and containing the other necessary averments under such section to entitle them to the proceedings therein provided for, and to the dissolution of such corporation, which was prayed for. On the following day an order was entered by the court, without notice to the defendant, requiring the officers of the company to file in court the inventories and statements specified in the section referred to, but no finding was made by the court therein that the plaintiffs were the owners of onte-fifth or more of the paid up stock of the company.
The petition alleged that the amount of the paid up stock of the corporation was 458 shares, of $1000. each. It did not state the number of shares held by the plaintiffs respectively, but in what-is called the additional petition, which was after-wards allowed to be filed, it was averred that Armstrong, as. *470 receiver, owned 20 shares, Judge Goebel 16 shares, John Hauck 25 shares, Frank Egner 23 shares, and Wilhelmina Egner 22 shares, and it is conceded by counsel and otherwise shown by the record, that such shares were so owned by the respective parties, except that defendant denied and claimed that Armstrong, as receiver, was not and could not be the owner of any such stock. If Armstrong was not the owner of the 20 shares, the petition did not represent the requisite one-fifth in amount of the paid up stock, and if either Mr. or Mrs. Egner was authorized to erase his or her name from the petition, and to withdraw from the further prosecution of the suit, (as they both sought to do), the holders of the requisite amount of stock, (one-fifth), were not asking for the dissolution of the corporation when the order of the court dissolving it was made. On March 10, 1891, the defendant company filed a motion to set aside the order requiring an inventory etc., to be filed, but no hearing was had upon this motion until after the filing of an answer by the defendant (on March 20,1891), traversing the allegations of the petition and denying that Armstrong was the' owner of 20 shares of stock, or that one-fifth in amount of the paid up stock was represented by the petitioners.
On the 23d day of May, 1891, the cause came on to be heard on this motion to set aside the entry and order of the court made February 18,1891, “and also upon the exhibits,proofs, and testimony,” on consideration whereof the court found and adjudged that Armstrong was not and had not been a legal stockholder, and that the plaintiffs were not the owners of one-fifth of the paid-up capital stock of the defendant company, and the order before made, for an inventory, etc., was set aside.
On the same day, but immediately preceding this judgment and order of the court, Mr. Egner, one of the plaintiffs and the owner of twenty-three of the shares of the capital stock, came into open court, and asked to be allowed “ to withdraw his signature and name from the petition, and to be dismissed *471 as one of the parties plaintiff herein,” which was refused by the court, and exception duly taken.
On May 26, 1891, the defendant company moved the court to strike the case from the docket for want of jurisdiction, as the case then stood, and on the 25th day of June, 91, Frank Egner, the owner of twenty-three shares, and Wilhelmina Egner, owner of twenty-two shares of the paid-up stock, appeared in open court and asked to withdraw their names and signatures from the petition, and to be dismissed as petitioners and parties plaintiff herein, all of which motions and requests were refused by the court, and exceptions taken.
It should, however, be stated that on the 27th of May, 1891, one Adam Bauer filed what is styled an additional petition by him — representing and alleging that he was the owner of six shares of the stock of the company, and adopting the averments of the original petition and the prayer thereof. This was filed several days after the judgment of the court that Armstrong was not the owner of stock, and that the requisite amount of stock was not owned by the petitioners. A motion to strike this from the files, and a demurrer thereto were overruled, and on the 26th day of June, 1891, the court, on hearing, made a final order for the dissolution of the corporation, and this proceeding in error is prosecuted to reverse this judgment. And it is urged that in several particulars the action of the court was erroneous and prejudicial, and that it had no right to make the final order made in the case.
On the record and facts thus stated, we are of the opinion—
First — That the trial court erred in refusing to grant the request and motion first made by Egner, to withdraw from the petition and proceedings. We think that a fair construction of the provisions of the section under which this proceeding was commenced and prosecuted in the light of the decisions of the Supreme Court, on statutes providing for the construction of free turnpike roads by County Commissioners on the petition of parties interested, gives to one, who joins with others in a proceeding under sec. 5673, the right to withdraw *472 therefrpm at any time before tbe order of the court is made finding that the statements contained in the petition are true, subject, of course, to such order ag to the costs in the case, as the court in the exercise of a sound discretion may make. The order for the dissolution of the corporation can only be made on the grounds therein stated when the court finds the allegation of the petition to be true, and this is the “ final order,” in a case of this kind, answering to the “ final order ” in the turnpike cases in the decisions referred to, and in which it was held that before such final order was made, petitioners might withdraw.
Second — But if there be doubt as to this, and if the decisions referred to are not applicable to a case like this, yet we think it clear, that when it is made to appear in a case of this kind, by the petition or a finding of the court that less than the proper number of shares, to entitle the petitioners to the relief prayed for, are held by them, any one of- the plaintiffs has then the privilege of withdrawing from such proceeding, for no right of any kind has been acquired by the filing of such petition. The court had no right to make the order unless the owners of the requisite number of shares had united in the petition. In this case, on the 23rd of May, 1891, the court by its finding had adjudged that Armstrong was not the owner of any stock in the corporation, and that the petitioners did not hold one-fifth of the stock. It is urged that this finding was not properly made — that it was rendered on a motion to set aside an order before entered, and was not in fact an adjudication as to the issues raised in the pleadings, as to whether the plaintiffs were the owners of one-fifth of the stock. The hearing was' upon the motion, and also upon the exhibits, proof and testimony, and on this the court made the finding which we have given, and it looks very much as if it was a decision on the merits.
If this be so, andpigner applied on that very day to be allowed to withdraw from the proceeding, (as he did), why had he not the right to do so ? No valid petition was then pend *473 ing — the court had so adjudged in effect by the entry made a few minutes afterwards. The claim that the refusal of the court to grant this request was justified by the fact that when it was refused, the finding that Armstrong was not the owner of the 20 shares, had not in fact been entered upon the journal of the court as is shown by the order in which the two rulings are placed upon the journal of that day, is utterly untenable. The two were substantially one act; and when the court found that the petitidh was not signed by the owners of the requisite number of shares, which was essential to the maintenance of the action, it not only should have granted Egner’s request, but should have dismissed the proceeding.
Goeble & Bettinger 'and John W. Herron, attorneys for plaintiff.
Gorman & Thompson and John W. Warrington, attorneys for defendants.
Third — It follows from what has been said, that the court also erred in allowing Adam Bauer to file what is called an additional petition. He was not a party to the oúginal petition, and it was an attempt to bolster up and support a proceeding which had no validity or vitality, and the motion of the defendant to strike it from the files should have been granted. But after this was filed, both Egner and wife again applied to withdraw from the case, but were refused. They never agreed with Bauer to prosecute the suit with him, and he had no right to come in and hold them to the prosecution of a proceeding, which befoie his additional petition was filed was practically dead.
The judgment and order of the court, dissolving the corporation, will be reversed, with costs, and the defendant company be restored to all it has lost thereby. And proceeding to render the judgment which the court of common pleas should have rendered, the proceeding will be dismissed and stricken from the docket.